**GAZES LLC**
**Attorneys for the Chapter 7 Trustee of Fortunoff**
**Holdings, LLC and Fortunoff Card Company LLC**
**32 Avenue of the Americas**
**New York, New York 10013**
**(212) 765-9000**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FORTUNOFF HOLDINGS, LLC, and<br>FORTUNOFF CARD COMPANY, LLC,<br><br>                  Debtors. | Chapter 7 (Converted)<br><br>Case No. 09-10497 (RDD)<br><br>(Jointly Administered) |
| In re:<br><br>IAN J. GAZES AS CHAPTER 7 TRUSTEE OF<br>THE ESTATE OF FORTUNOFF HOLDINGS,<br>LLC, and FORTUNOFF CARD COMPANY,<br>LLC,<br><br>                  Plaintiff,<br><br>      v.<br><br>Cassone Leasing, Inc.,<br>                  Defendant. | Adv. Pro. No. _____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§**
**547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Ian J. Gazes, as the Chapter 7 Trustee (the "Trustee") of the Estates (the "Estates") of

Fortunoff Holdings LLC ("Fortunoff Holdings") and Fortunoff Card Company, LLC ("Fortunoff

Card" and with Fortunoff Holdings, the "Debtors"), by his attorneys, Gazes LLC, states as

follows, in support of his complaint (the "Complaint") against Cassone Leasing, Inc. (the

"Defendant"):

**<u>NATURE OF THE ACTION</u>**

1.       The Complaint seeks to avoid and recover pursuant to 11 U.S.C. §§ 547(b) and 550(a) certain transfers made by Fortunoff Holdings to the Defendant in the ninety (90) day period preceding the filing of the Debtors' bankruptcy cases and to disallow any claim of the Defendant against the Debtors' estates pursuant to 11 U.S.C. § 502(d).

### JURISDICTION, VENUE, STAUTORY PREDICATES AND PARTIES

2.       The Court has jurisdiction over this adversary proceeding, which arises under Title 11 of the United States Code (the "Bankruptcy Code"), pursuant to 28 U.S.C. §§ 157 and 1334.

3.       The adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157. Venue in this District is proper under 28 U.S.C. § 1409(a).

4.       The statutory predicates for this adversary proceeding are §§ 502, 547, and 550 of the Bankruptcy Code.

5.       Upon information and belief, the Defendant is a corporation with a principal place of business located at 1950 Lakeland Avenue, Ronkonkoma, NY 11779.

### BACKGROUND

6.       On February 5, 2009 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  By order dated February 6, 2009, the Court directed the joint administration of the Debtors' bankruptcy cases [Docket No. 32].

7.       On October 1, 2009, the Court entered an order converting the Debtors' Chapter 11 bankruptcy cases to cases under Chapter 7 [Docket No. 945].  Thereafter, Ian J. Gazes was appointed interim Chapter 7 Trustee, who now serves as the permanent Trustee in these cases.

### COUNT I – TO AVOID PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. § 547(b)

8.      Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 7 above as if fully set forth herein.

9.      On or within the 90 days preceding the Petition Date, Fortunoff Holdings made transfers (the "Transfers") to the Defendant in the aggregate amount of $11,212.68, on the dates set forth in Exhibit A to the Complaint which is incorporated by reference herein.

10.     The Transfers were each made to or for the benefit of the Defendant, a creditor of Fortunoff Holdings.

11.     The Transfers were each made on account of an antecedent debt owed by Fortunoff Holdings to the Defendant.

12.     The Transfers were each made while Fortunoff Holdings was insolvent.

13.     Each Transfer enabled the Defendant to receive more than it would have if (a) the Transfer had not been made; (b) Fortunoff Holdings' bankruptcy case were a case under Chapter 7 of the Bankruptcy Code; and (c) the Defendant received payment of its debt to the extent provided for under the Bankruptcy Code

14.     By reason of the foregoing, each of the Transfers should be avoided and set aside as preferential.

## COUNT II – TO RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550

15.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14 above as if fully set forth herein.

16.     Defendant was (a) the initial transferee of each of the Transfers or (b) the immediate or mediate transferee of such initial transferee or the person for whose benefit each of the Transfers was made.

17.     Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from

3

Defendant an amount to be determined at trial that is not less than $11,212.68 plus interest

thereon to the date of payment and the costs of this action.

## COUNT III– TO DISLLOW CLAIMS
## PURSUANT TO 11 U.S.C. § 502(d)

18.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1

through 17 above as if fully set forth herein.

19.     Pursuant to 11 U.S.C. § 502(d), any claims of Defendant against Fortunoff

Holdings' estate  must be disallowed until such time as Defendant pays to the Trustee an amount

equal to the Transfers.

**WHEREFORE** Plaintiff respectfully requests that this Court enter judgment against

Defendant (1) pursuant to 11 U.S.C. § 547(b), avoiding the Transfers; (2) pursuant to 11 U.S.C. §

550(a), directing Defendant to pay to the Trustee an amount to be determined at trial that is not less

than $11,212.68, plus interest and costs; (3) pursuant to 11 U.S.C. § 502(d), disallowing any claim

of Defendant against the Fortunoff Holdings' estate and (4) granting to the Trustee such other and

further relief as may appear just and proper.

Dated:  New York, New York
      July 21, 2010

                    GAZES LLC

                    By:_____/s/ Ian J. Gazes_____
                      Ian J. Gazes
                    32 Avenue of the Americas, 27th Floor
                    New York, New York 10013
                    (212) 765-9000

                    Attorneys for the Chapter 7 Trustee

# EXHIBIT A

| Vendor | Check # | Clear Date | | Amount |
|---|---|---|---|---|
| CASSONE LEASING, INC. | | | | |
| | 607930 | 11/28/2008 | $ | 8,426.47 |
| | 608076 | 12/8/2008 | $ | 1,357.80 |
| | 609127 | 1/7/2009 | $ | 70.61 |
| | 609264 | 1/7/2009 | $ | 1,357.80 |
| **CASSONE LEASING, INC. Total** | | | **$** | **11,212.68** |