**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FORTUNOFF HOLDINGS, LLC, and FORTUNOFF CARD COMPANY, LLC,<br><br>                  Debtors. | Chapter 7 (Converted)<br><br>Case No. 09-10497 (RDD)<br><br>(Jointly Administered) |
| In re:<br><br>IAN J. GAZES AS CHAPTER 7 TRUSTEE OF THE ESTATE OF FORTUNOFF HOLDINGS, LLC, and FORTUNOFF CARD COMPANY, LLC,<br><br>                  Plaintiff,<br><br>        v.<br><br>CASSONE LEASING, INC.,<br><br>                  Defendant. | Adv. Pro. No. 10-03394 (RDD) |

## SETTLEMENT AGREEMENT

WHEREAS:

I.      On February 5, 2009 (the "Petition Date"), Fortunoff Holdings, LLC ("Fortunoff Holdings ") and Fortunoff Card Company, LLC ("Fortunoff Card" and with Fortunoff Holdings, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

II.     On February 6, 2009, the Court entered an order directing that the Debtors' bankruptcy cases be jointly administered [Doc No. 32].

III.    On October 1, 2009, the Court entered an order converting the Debtors' chapter 11 cases to liquidation proceedings under chapter 7 of the Bankruptcy Code [Doc. No. 945].

IV. On October 1, 2009, the Office of the United States Trustee for the Southern District of New York appointed Ian J. Gazes (the "Trustee") to serve as interim trustee in the Debtors' bankruptcy cases [Doc. No. 947]. The Trustee now serves as the duly qualified permanent trustee pursuant to section 702 of the Bankruptcy Code.

V. The Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") on behalf of the estate of Fortunoff Holdings (the "Estate") against Cassone Leasing, Inc. (the "Defendant") by the filing and serving of a complaint for entry of a judgment for money damages in the sum of $11,212.68 under Bankruptcy Code section 547 and 550, resulting from and relating to a certain alleged pre-petition transfer from Fortunoff Holdings to the Defendant.

VI. On November 6, 2015, the Trustee filed a motion for default judgment which was subsequently withdrawn without prejudice on November 25, 2015.

VI. After good faith, arm's length negotiations, and without collusion, the Trustee and the Defendant (together, the "Parties") have agreed to resolve the Adversary Proceeding on the terms and conditions set forth in this agreement (the "Agreement").

NOW, WHEREFORE, it is hereby stipulated, consented to and agreed, by and among the Parties, through their respective counsel, as follows:

1. In full and final settlement of the Adversary Proceeding, Defendant agrees and shall pay to the Trustee and the Trustee agrees to accept the sum of $4,900.00 (the "Settlement Payment"). The Settlement Payment shall be made by check payable to "Estate of Fortunoff Holdings, LLC, Ian J. Gazes Trustee" and shall be delivered to the Trustee at the address indicated below so as to be received no later than fourteen (14) days after execution of this Agreement by the Parties. The Settlement Payment shall not be deemed released to the Estate

until the conditions precedent to the effectiveness of this Agreement set forth in paragraph "5" have been satisfied.

3. As additional consideration, Defendant waives the right under 11 U.S.C. § 502(h) and Fed. R. Bankr. P. 3002(c)(3) to file a proof of claim for the Settlement Payment.

4. The Defendant on the one hand, and the Trustee on the other, in respect of the mutual promises and other consideration recited in this Agreement, hereby release each other and their respective predecessors in interest, successors in interest, agents, and assigns of any and all obligations, claims, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, arising out of, by reason of, or relating in any way whatsoever to the Adversary Proceeding except that the obligations arising out of this Agreement are not released.

5. The effectiveness of this Agreement is subject to (a) an order of the Bankruptcy Court approving this Agreement (the "Approval Order") and (b) the Approval Order becoming a Final Order (herein defined). For the purposes of this Agreement, a "Final Order" means an Approval Order of the Bankruptcy Court that has not been reversed, stayed, modified, or amended, and as to which no appeal or petition for review, rehearing, or certiorari has been timely filed or is pending and as to which the time to appeal or to seek review, rehearing, reconsideration, or certiorari has expired.

6. If the Bankruptcy Court does not enter an Approval Order or if the Approval Order does not become a Final Order, (a) the Agreement shall be deemed null and void; (b) the Trustee shall return the Settlement Payment to the Defendant, (c) the Parties shall not be deemed to have waived any right or to have settled any controversy between the Parties that existed before the execution of the Agreement; (d) the Parties shall be restored to their respective

positions immediately before execution of this Agreement; (e) neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Agreement, shall be (i) deemed to be or construed as an admission by any party herein of any act, matter, proposition, or merit or lack of merit of any claim or defense, or (ii) referred to or used in any manner or for any purpose in any subsequent proceeding or in any other action in any court or in any other proceeding; and (f) all negotiations, proceedings, and statements made in connection with the negotiation of this Agreement (i) shall be without prejudice to any person or party herein, (ii) shall not be deemed as or construed to be an admission by any party herein of any act, matter, proposition, or merit or lack of merit of any claim or defense, and (iii) shall not be offered in evidence in this or any other action or proceeding, except in connection with this Agreement or the enforcement thereof.

7. Upon the later of the (a) clearance of the Settlement Payment and (b) an Approval Order becoming a Final Order, the Trustee shall file a notice of dismissal with prejudice in the Adversary Proceeding.

8. This Agreement contains the entire agreement between the Parties, and may only be modified in writing signed by the Parties or their duly appointed agents. All prior agreements and understandings between the Parties concerning the subject matter of this Agreement are superseded by the terms of this Agreement.

9. The Parties represent and warrant to each other that they have the full power and authority to execute and to perform their respective obligations under this Agreement and, where appropriate, have obtained the requisite corporate authority to enter into this Agreement.

10. Each of the Parties acknowledges that it has read all of the terms of this

Agreement, has had an opportunity to consult with counsel of their own choosing or voluntarily waived such right and enters into those terms voluntarily and without duress.

11. Each party shall bear its own attorney fees and costs in connection with the negotiation and drafting of this Agreement and its submission, with any necessary motion or order, to the Bankruptcy Court.

12. This Agreement may be executed in any number of counterparts and by different Parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Agreement. Delivery of an executed counterpart of a signature page to this Agreement by facsimile or by electronic mail in portable document format (PDF) shall be effective as delivery of a manually executed counterpart of this Agreement.

13. This Agreement shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Agreement, no provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of the Agreement as a whole is purportedly prepared or requested by such party.

14. The Bankruptcy Court shall retain jurisdiction over the Parties to hear and determine any matter arising from or related to the making, interpretation, and enforcement of this Agreement or any issues arising hereunder, and the Parties agree to waive any entitlement to a trial by jury in any suit concerning this Agreement and/or the releases given in connection with this Agreement.

15. This Agreement shall be governed and construed in accordance with the Bankruptcy Code and the laws of the State of New York, without regard to any rules or principles of conflicts of law which might look to the laws of any other jurisdiction.

Dated: New York, New York  
       November 30, 2015

GAZES LLC  
Attorneys for Ian J. Gazes, Chapter 7 Trustee

By: ___/s/ David Dinoso_____  
     David Dinoso  
151 Hudson Street  
New York, New York 10013  
(212) 765-9000

Dated: Westbury, New York  
       November 30, 2015

JOSEPH J. FONTANETTA, ESQ.  
Attorneys for Cassone Leasing, Inc.

By: ___/s/ Joseph J. Fontanetta_____  
     Joseph J. Fontanetta  
675 Old Country Rd.  
Westbury, New York 11590  
(516) 280-9400